No. 25-2503

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

IOWA FARM SANCTUARY AND SHAWN CAMP

*Appellants*

v.

UNIVERSITY OF MISSOURI VETERINARY HEALTH CENTER,
by and through
CURATORS OF THE UNIVERSITY OF MISSOURI, COLUMBIA, ET AL.

*Appellees*

On Appeal from the United States District Court
for the Western District of Missouri, Central Division
No. 2:24-cv-04141-MDH
Hon. Douglas Harpool

## APPELLANTS' ADDENDUM TO OPENING BRIEF

*Jessica L. Blome
Cyrus J. Moshiri
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
cmoshiri@greenfirelaw.com

*Attorneys for Appellants Iowa Farm Sanctuary and Shawn Camp*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| THE IOWA FARM SANCTUARY, an Iowa non-profit corporation, and SHAWN CAMP, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:24-cv-04141-MDH |
| UNIVERSITY OF MISSOURI VETERINARY HEALTH CENTER, by and through CURATORS OF THE UNIVERSITY OF MISSOURI, COLUMBIA, DR. JOAN COATES, D. V. M., in her official capacity and individual capacity, DR. CELESTE MORRIS, D.V.M., in her official and individual capacity, and DR. JANE DOE, D.V.M., in her individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Defendants Celeste Morris, University of Missouri Veterinary Health center, Curators of the University of Missouri, Columbia, and Joan Coates's (collectively "Defendants") Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (Doc. 49). Defendants have filed suggestions in support (Doc. 50), Plaintiffs have filed suggestions in opposition (Doc. 53) and Defendants have filed a reply (Doc. 67). The motion is now ripe for adjudication on the merits. For reasons herein, Defendants' Motion is **GRANTED**.

## BACKGROUND

This case arises out of the euthanasia of four sheep four days following a tractor trailer accident involving 200 sheep on Highway 61, just south of Troy, Missouri. Plaintiff Iowa Farm Sanctuary is a nonprofit charitable organization with its principal place of business in Oxford,

1

Iowa. Plaintiff Shawn Camp is the Executive Director and co-founder of the Iowa Farm Sanctuary and a resident of the State of Iowa. Defendant Curators of the University of Missouri is the governing body of the University of Missouri system. Defendant University of Missouri Veterinary Health Center ("Veterinary Health Center") is a veterinary health services clinic and hospital operated by and through the University of Missouri in Columbia, Missouri. Defendant Dr. Joan Coates, D.V.M. was the interim Director of the Veterinary Health Center during the alleged incident and a resident of Missouri. Dr. Celeste Morris, D.V.M. served in the role as veterinarian and assistant teaching professor at the Veterinary Health Center during the alleged incident. Defendant Dr. Jane Doe, D.V.M. is an unnamed individual alleged to have authorized and committed the euthanasia of the sheep.

On June 25, 2023, the Missouri Highway Patrol responded to a tractor trailer accident involving 200 sheep on Highway 61, just south of Troy, Missouri. The surviving sheep were transported to a temporary holding facility in Troy, Missouri. The owner of the temporary holding facility informed the state troopers that at least two sheep were suffering from life-threatening injuries and needed to be euthanized. Missouri Highway Patrol Trooper J. L. Hughes informed Plaintiffs' agents they could have the sheep if they quickly picked them up from the holding facility. When Plaintiffs' agents arrived at the holding facility, Plaintiffs were asked to take possession of six injured sheep, rather than two. Plaintiffs agreed and took possession of all six sheep. Plaintiff Camp loaded the sheep into her trailer and then took the sheep to the Veterinary Health Center in Columbia, Missouri. At intake, Director Camp paid $1000 as a deposit for veterinary services to Defendants for treatment of the sheep.

Upon discussion with Defendant Morris and an intern working under Defendant Morris supervision about the possible treatment and recovery outcomes for two of the six sheep, Plaintiff

2

Camp authorized the euthanasia of the two critically injured sheep. During this conversation Plaintiff Camp alleges she was told the four remaining sheep were great candidates for veterinary treatment. On June 26, 2023, Defendants called Plaintiff Camp and requested payment of an invoice for additional veterinary services rendered for the sheep. Plaintiff Camp sought an update on the status of the remaining sheep and withheld payment until such update was given. It is alleged Defendants refused to provide an update on the status of the sheep, explained that the owner had surfaced, and that Defendants cold not release veterinary health or treatment information about the sheep to Plaintiff Camp because she was not the owner.

On June 27, 2023, Plaintiffs informed Defendants' General Counsel's Office that they intended to enforce their veterinary services lien against the owner of the surviving sheep and asked to confirm that the remaining sheep were still alive. Defendants refused to release that information. On June 28, 2023, plaintiffs attempted to inspect the sheep but upon arrival were denied access to the animals. Later that day Defendants stated their intention to refund Plaintiffs and relieve them of financial liability. On June 29, 2023, Plaintiffs sued Matthew Hulsebus, the alleged former owner of the sheep in state court seeking enforcement of their lien claims and demanding return of the sheep through replevin. On July 3, 2023, the attorney for the Mr. Hulsebus called and advised that Mr. Hulsebus had instructed Defendants to euthanize the four sheep on June 26, 2023.

Plaintiffs allege three counts in the Complaint. Count I is a 42 U.S.C. § 1983 claim against all Defendants alleging a violation of the Fourth Amendment right to be secure from unreasonable searches and seizures as applied to the states under the Fourteenth Amendment. Count II is a 42 U.S.C. § 1983 claim against all Defendants alleging a denial of procedural due process under the

3

Fourteenth Amendment. Count III is a 42 U.S.C. § 1983 claim against all Defendants alleging a violation of substantive due process under the Fourteenth Amendment.

Defendants bring their Motion to Dismiss arguing that the Court should dismiss Defendant University of Missouri Veterinary Health Center as it is not a legal entity capable of being sued. Defendant next argues that Defendant Curators of the University of Missouri is an arm of the state and is afforded immunity from suit pursuant to the Eleventh Amendment and that they are not a person subject to suit under 42 U.S.C. § 1983. Third, Defendants argue that the claims against the individual defendants in their official capacity should be dismissed because official capacity defendants are afforded the same Eleventh Amendment immunity as Defendant Curators of the University of Missouri and are also not persons under 42 U.S.C. § 1983. Fourth, Defendants argue that the Court should dismiss the claims against the individual defendants in their individual capacities for injunctive relief because only money damages are available in suits against individual capacity defendants. Defendants next argue that Plaintiffs lack standing to bring claims for injunctive relief under § 1983 because Plaintiffs have failed to allege that they are likely to suffer the same injury in the future. Defendants also argue that the failure to train or supervise claim against Defendant Coates must be dismissed because Plaintiffs plead no facts which would establish a causal link or direct responsibility for the deprivation of Plaintiffs' rights; that Defendants' training practices were inadequate; that Defendants' failure to train reflected a deliberate and conscious choice; or the alleged deficiency in the training procedures actually caused Plaintiffs' injury. Defendants further argue that Plaintiff Camp does not have standing to bring this action because a shareholder or officer of a corporation cannot recover for legal injuries suffered by the corporation under § 1983. Defendants additionally argue that the Court should dismiss Plaintiffs' Complaint under the mootness doctrine and that Plaintiff's Complaint should

4

Case 2:24-cv-04141-MDH    Document 86    Filed 06/25/25    Page 4 of 8
Appellate Case: 25-2503    Page: 5    Date Filed: 10/09/2025 Entry ID: 5566325

be dismissed in its entirety because they have failed to state a claim for a Constitutional deprivation. Lastly, Defendants argue that Count III of Plaintiff's Complaint should be dismissed because it fails to state a claim for a violation of substantive due process.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

The Court will review Defendants' arguments out of turn as the Court believes certain arguments may be dispositive of the case.

### I. Failure to State a Claim for a Constitutional Violation

Defendants argue that Plaintiffs are claiming a possessory interest in the four euthanized sheep at issue by virtue of Missouri statutes addressing lien rights and obligations of persons caring

5

for impounded animals. Defendants argue that Plaintiffs' Complaint does no more than allege a violation of Missouri statute and that violations of state law do not state a claim under 42 U.S.C. § 1983. Plaintiffs argue that they have alleged constitutional deprivations including the right to be free from unreasonable searches and seizures, denial of procedural due process, and violation of substantive due process. Plaintiffs further argue that their claims are sufficiently pled under 42 U.S.C. § 1983 as they seek prospective injunctive relief against Defendants in their official capacity, and monetary relief against Defendants in their individual capacities.

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (Citing *Dubose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999)). However, if the state provides an adequate remedy, then the plaintiff has no civil rights claim under § 1938. *Burdiss v. Chamberlain*, No. 4:21-CV-1516RLW, 2022 WL 103302, at *5 (E.D. Mo. Jan. 11, 2022) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)).

Here, Plaintiff cites to the Missouri Revised Statutes governing their interest in the sheep underlying this case. Missouri Revised Statute § 430.165 governs liens for the care of animals lawfully impounded. "Any animal lawfully impounded under the laws of this state or ordinances of any of its political subdivisions may be placed by the impounding officer in the care of any incorporated humane society or other responsible person designated by the impounding authority." Mo. Rev. Stat. § 430.165.1. "Any incorporated humane society or other person designated to care for an animal under [this] provision[] … shall be entitled to a lien on the animal for the reasonable cost of the care of the animal, as provided in sections 430.150 and 430.160." Mo. Rev. Stat. §

6

Case 2:24-cv-04141-MDH   Document 86   Filed 06/25/25   Page 6 of 8
Appellate Case: 25-2503   Page: 7   Date Filed: 10/09/2025 Entry ID: 5566325

430.165.2. Missouri Revised Statute § 578.016 governs impoundment of animal found off property of owner or custodian, disposition, and procedure. It states in relevant part:

> Any animal impounded pursuant to this section shall be placed in the care or custody of a veterinarian, the appropriate animal control authority or animal shelter. The animal shall not be disposed of, unless diseased or disabled beyond recovery for any useful purpose, until after expiration of a minimum of five business days, during which time the public shall have clear access to inspect or recover the animal through time periods ordinarily accepted as usual business hours. After five business days, the animal may be put up for adoption or humanely killed.
>
> The owner or custodian of an animal impounded pursuant to this section shall be liable for reasonable costs for the care and maintenance of the animal. Any person incurring reasonable costs for the care and maintenance of such animal shall have a lien against such animal until the reasonable costs have been paid and may put for adoption or humanely kill any animal if such costs are not paid within ten days after demand.
>
> The owner or custodian of any animal killed pursuant to this section shall be entitled to recover the actual value of the animal up to but not to exceed six hundred dollars if the owner or custodian shows that such killing was unwarranted.

Mo. Rev. Stat. §§ 578.016.1(2), 578.016.2 and 578.016.3.

Here, any right Plaintiffs had to the sheep, or for reimbursement for care of the sheep, originated in State law. The Missouri Revised Statutes granted and govern Plaintiff's lien rights as to the sheep and provide for a remedy based upon the costs incurred by virtue of the lien and any violation of these sections. The state therefore has provided an adequate remedy for Plaintiff's claimed loss and injury. As such, Plaintiff has failed to state a claim upon which relief can be granted based on Plaintiff's various 42 U.S.C. § 1983 claims. For the reasons stated, Defendants' Motion to Dismiss Plaintiffs' 42 U.S.C. § 1983 claims are **GRANTED**.

## II. Other Arguments

7

Case 2:24-cv-04141-MDH    Document 86    Filed 06/25/25    Page 7 of 8
Appellate Case: 25-2503    Page: 8    Date Filed: 10/09/2025 Entry ID: 5566325

Defendants raise a host of other arguments ranging from jurisdictional issues, immunities, and other related reasons why the case should be dismissed. Based upon the Court dismissing Plaintiffs 42 U.S.C. § 1983 claims above, the Court, in the interest of judicial economy, need not expound on these other arguments.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction is **GRANTED**.

**IT IS SO ORDERED**.

DATED: June 25, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

8

Case 2:24-cv-04141-MDH   Document 86   Filed 06/25/25   Page 8 of 8
Appellate Case: 25-2503   Page: 9   Date Filed: 10/09/2025 Entry ID: 5566325

## JUDGMENT IN A CIVIL CASE

| | |
|---|---|
| **THE IOWA FARM SANCTUARY, an Iowa non-profit corporation, and SHAWN CAMP,** <br><br> vs. <br><br> **UNIVERSITY OF MISSOURI VETERINARY HEALTH CENTER, by and through CURATORS OF THE UNIVERSITY OF MISSOURI, COLUMBIA, DR. JOAN COATES, D. V. M., in her official capacity and ) individual capacity, DR. CELESTE MORRIS, ) D.V.M., in her official and individual capacity, and DR. JANE DOE, D.V.M., in her individual and official capacity,** | Case No. 24-4141-CV-C-MDH |

\_\_\_\_ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

 X      Decision by Court. This action came to determination before the Court. The issues have been determined and a decision has been rendered.

It is **THEREFORE ORDERED** Defendants' Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction is GRANTED.

**IT IS SO ORDERED**.

 June 25, 2025                                     Paige Wymore-Wynn
Date                                                            Clerk of Court


Entered on: June 25, 2025                    s/Linda Howard
                                                                     (By) Deputy Clerk

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 8, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<i>/s/ Jessica L. Blome</i><br>
Jessica L. Blome<br>
Greenfire Law, PC